# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### at WINCHESTER

JEFF MEDLEY,              )
                                 )
            Petitioner,    )
v.                         )      Nos. 4:05-cv-028 / 4:01-cr-041
                                 )      *Edgar*
UNITED STATES OF AMERICA,   )
                                 )
            Respondent.   )

## MEMORANDUM

Petitioner Jeff Medley ("Medley") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Clerk is **DIRECTED** to serve a copy of the motion and this Memorandum and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

Medley pleaded guilty to the following: conspiracy to manufacture and distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); possession of equipment, chemicals and products used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 843 (a)(6); and attempt to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(C). He was sentenced as a career offender to concurrent terms of imprisonment of 225 months, for a total effective sentence of 225 months.

On direct appeal, Medley challenged his status as a career offender. He specifically challenged the district court's use of a prior escape conviction as a predicate offense for career offender purposes, because the escape did not involve violence or the threat of violence. The Sixth Circuit rejected Medley's argument and affirmed his sentence as a career offender. *United States v. Medley*, 85 Fed.Appx. 410, 2003 WL 23139861 (6th Cir. December 12, 2003), *cert. denied*, 541 U.S. 1003 (2004). The court particularly noted that "escape, by its nature, presents a serious potential risk of physical injury and thus constitutes a crime of violence." *Id*. at 411, 2003 WL 23139861 at 1.

In support of his § 2255 motion, Medley alleges he received ineffective assistance of counsel. Medley claims his attorney allowed the sentencing judge to modify a state court judgment from a conviction for a non-violent crime of escape to a conviction for a crime of violence, for the purpose of imposing an enhanced sentence.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether an ineffective assistance of counsel claim is meritorious. The *Strickland* test first requires Medley to show that his attorney's representation was deficient, *i.e.*, fell below an objective standard of reasonableness. Medley must show his counsel made such serious errors that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687-88; *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995); *United States v. Medved*, 905 F.2d 935, 942 (6th Cir. 1990).

Second, Medley must also show that counsel's deficient performance prejudiced his case. *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993). The issue is whether defense counsel's performance was so manifestly ineffective that defeat was snatched from the hands of probable victory. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996); *Lewis*, 11 F.3d at 1352; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). To satisfy the second element of the *Strickland* test, Medley has to establish a reasonable probability that, but for the errors of his attorney, the result of the criminal proceeding would have been different. *Strickland*, 466 U.S. at 694; *Mapes v. Coyle*, 171 F.3d 408, 425 (6th Cir. 1999); *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997); *McQueen v. Scroggy*, 99 F.3d 1302, 1310-1311 (6th Cir. 1996); *Gravely*, 87 F.3d at 785; *West*, 73 F.3d at 84.

Medley's attorney did in fact object to the court's use of the escape conviction as a predicate offense; counsel argued that the escape was not a crime of violence. [Criminal Action No. 4:01-cr-41, Court File No. 47, Transcript of Judgment Proceedings filed March 31, 2003, pp. 2-4]. As noted, counsel unsuccessfully pursued that argument on direct appeal. Accordingly, Medley's allegation of ineffective assistance fails to meet either *Strickland* prong. Medley's § 2255 motion is, in fact, an attempt to raise, for a second time, an issue that was decided against him on direct appeal. A criminal defendant, however, cannot use a § 2255 proceeding to relitigate issues decided adversely to him on direct appeal. *See, e.g., DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

It plainly appears from the face of the motion, the annexed exhibits and the prior proceedings in the case that Medley is not entitled to relief in this court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Medley leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE. Medley having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

An Order will enter.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE